**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>    v.<br><br>SUMMIT ASSET STRATEGIES INVESTMENT MANAGEMENT, LLC; SUMMIT ASSET STRATEGIES WEALTH MANAGEMENT, LLC; and CHRIS YOO,<br><br>       Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows:

## SUMMARY OF THE ACTION

1.      This case involves misappropriation of assets by Summit Asset Strategies Investment Management, LLC ("Investment Management") and its Chief Executive and Chief Investment Officer, Chris Yoo ("Yoo"), from Summit Stable Value Fund, LLC ("SSVF"), a private investment fund that they advised.  From at least 2011 to 2015, Yoo, acting through Investment Management, improperly withdrew nearly $900,000 in assets from SSVF based on Yoo's manipulation of the value of certain fund assets.

2.      As part of the fraudulent scheme, Yoo misled existing and prospective SSVF investors about the fund's financial condition by, among other things, making materially false and misleading statements about the value of the fund's investments, and the manner in which Yoo and Investment Management were withdrawing fees from the fund as compensation for their advisory services.  Although Yoo claimed that SSVF had earned millions of dollars in

COMPLAINT
*SEC V. SUMMIT ASSET STRATEGIES INVESTMENT
MANAGEMENT, LLC. ET AL.*

1

**Securities and Exchange Commission**
44 Montgomery Street, 26th Floor
San Francisco, California 94104
(415) 705-2500

1    putative "unrealized" investment gains in fiscal year 2012 ("FY2012") and fiscal year 2013

2    ("FY2013"), those profits were in fact illusory and premised on nonexistent investments.

3           3.      During the ongoing misappropriation of assets from SSVF, Yoo engaged in

4    additional misconduct while funneling new investments to SSVF.  First, Yoo arranged for

5    Investment Management's affiliate, Summit Asset Strategies Wealth Management, LLC

6    ("Wealth Management"), an advisory business for individual retail clients, to refer its clients to

7    SSVF in exchange for a fee.  But neither Yoo nor Wealth Management disclosed approximately

8    $80,000 in such referral fees – or the resulting conflict of interest – to Wealth Management's

9    clients who invested in SSVF.  Second, Yoo directed a second fund he and Investment

10   Management advised to invest the majority of its assets in SSVF, which was contrary to the

11   disclosures he and Investment Management made to fund investors that they intended to limit

12   investments to 15% of the fund's assets in any single position.

13          4.      The Commission seeks an order enjoining Investment Management, Wealth

14   Management, and Yoo (collectively "Defendants") from future violations of the securities laws

15   and requiring them to disgorge ill-gotten gains with prejudgment interest and to pay civil

16   monetary penalties.

17   **JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

18          5.      The Commission brings this action pursuant to Sections 21(d) and 21(e) of the

19   Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d) and 78u(e)], Sections

20   20(b) and 20(d) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77t(d)],

21   and Sections 209 and 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C.

22   §§ 80b-9 and 80b-14].

23          6.      The Court has jurisdiction over this action pursuant to Sections 21(d), 21(e), and

24   27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), 78aa], Sections 20(b) and 22(a) of the

25   Securities Act [15 U.S.C. §§ 77t(b) and 77v(a)], and Sections 209 and 214 of the Advisers Act

26   [15 U.S.C. §§ 80b-9 and 80b-14].

27          7.      Venue in this District is proper under Section 27 of the Exchange Act [15 U.S.C.

28   §78aa], Section 22 of the Securities Act [15 U.S.C. § 77v], and Section 214 of the Advisers Act

1  [15 U.S.C. §80b-14], because Defendants reside in, and a substantial portion of the acts or

2  transactions constituting violations of the federal securities laws alleged in this complaint

3  occurred within, the Western District of Washington.

4  **INTRADISTRICT ASSIGNMENT**

5        8.      Under Local Civil Rule 3(d), this civil action should be assigned to the Seattle

6  Division because a substantial part of the events or omissions that give rise to the claim occurred

7  in King County.

8  **DEFENDANTS**

9        9.      **Chris Young Dong Yoo**, 42, resides in Medina, Washington.  During the relevant

10  timeframe, Yoo was the majority owner of, and controlled the parent entity of, both Investment

11  Management and Wealth Management.  Yoo, through the parent entity, controlled and wholly

12  owned Investment Management, which served as an unregistered investment adviser to two

13  private funds.  Yoo, through the same parent entity, also owned the majority stake (87.5%) in

14  Wealth Management, an investment adviser registered with the Commission that operated a

15  separate retail client advisory business.

16        10.     **Summit Asset Strategies Investment Management, LLC** is a Washington

17  limited liability company headquartered in Bellevue, Washington.  During the relevant

18  timeframe, Investment Management, through its CEO/CIO Yoo, provided investment advice

19  regarding securities to two private funds:  Summit Stable Value Fund, LLC ("SSVF"), and

20  Summit Stable Opportunities Fund I, LLC ("SSOP I").  As its compensation for advising these

21  funds, Investment Management was entitled to receive the net fund profits (defined as the fund's

22  profits, minus principal, interest payments, and other fund expenses) from SSVF, and

23  management and performance fees from SSOP I.  Yoo, as the CEO and CIO of Investment

24  Management, made all investment decisions on behalf of the funds and had sole control over and

25  access to Investment Management's bank account.

26        11.     **Summit Asset Strategies Wealth Management, LLC** is a Washington limited

27  liability company headquartered in Bellevue, Washington.  Since 2008, Wealth Management has

28  been registered as an investment adviser with the Commission.  Yoo served as Wealth

COMPLAINT
*SEC v. SUMMIT ASSET STRATEGIES INVESTMENT
MANAGEMENT, LLC. ET AL.*
    3
**Securities and Exchange Commission**
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500

1  Management's Chief Compliance Officer, signed Wealth Management's Forms ADV, and was

2  entitled to receive profits from compensation paid to Wealth Management for its advisory

3  services during the relevant timeframe.

4  **RELEVANT ENTITIES**

5  12.  **Summit Stable Value Fund, LLC** is a private pooled investment vehicle formed

6  by Yoo in 2010 and a Washington limited liability company.  Yoo, through Investment

7  Management, controlled and advised SSVF.  As of 2011, SSVF had issued $7.5 million in

8  promissory notes to approximately 20 investors, who were entitled to fixed interest rate returns

9  on their notes.  During the relevant timeframe, SSVF invested in a mix of domestic and

10  international debt and equity, including Korean stocks and notes.

11  13.  **Summit Stable Opportunities Fund I, LLC** is a private pooled investment

12  vehicle formed by Yoo in 2008 and a Washington limited liability company.  Yoo, through

13  Investment Management, controlled and advised SSOP I.  As of 2011, SSOP I had sold a total of

14  $2 million in LLC membership interests to 13 investors.  According to its private placement

15  memorandum describing the investment to prospective investors, SSOP I was designed to invest

16  in equities and structured notes of foreign public and private companies during the relevant

17  timeframe.  As discussed further below, however, most of SSOP I's assets were concentrated in

18  SSVF notes.

19  **FACTUAL ALLEGATIONS**

20  14.  As investment advisers, Defendants Investment Management, Wealth

21  Management, and Yoo owed a fiduciary duty to their advisory clients.  This means that

22  Defendants were required to act for the benefit of their clients and exercise the utmost good faith

23  in dealing with them.  It also means that Defendants had a duty to disclose all material facts that

24  might influence their recommendations to their clients, to employ reasonable care to avoid

25  misleading clients, and to disclose conflicts of interest.

26  15.  Here, Defendants breached their fiduciary duties owed to their advisory clients in

27  several respects.  First, Yoo and Investment Management breached their fiduciary duties owed to

28  their fund client, SSVF, by misappropriating its assets.  Second, Yoo and Wealth Management

COMPLAINT
*SEC v. SUMMIT ASSET STRATEGIES INVESTMENT
MANAGEMENT, LLC. ET AL.*                                    4

Securities and Exchange Commission
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500

1   breached their fiduciary duties owed to their individual advisory clients by recommending that

2   these clients invest in SSVF without also disclosing that they had an economic incentive to make

3   that recommendation.

4       16.     Yoo and Investment Management also engaged in misconduct related to their

5   second private fund, SSOP I.  In particular, Yoo and Investment Management misled investors in

6   SSOP I regarding the fund's stated portfolio concentration limits.  Here, Yoo and Investment

7   Management directed SSOP I to invest nearly all of its assets in SSVF notes, which was

8   inconsistent with the fund's offering documents and not disclosed to investors.

9       **A.     Yoo and Investment Management Misappropriated Assets from SSVF.**

10      17.     Yoo, through Investment Management, controlled and made investment decisions

11  for SSVF at all relevant times.  From 2011 through 2015, Yoo, as CEO and CIO of Investment

12  Management, solicited new investments for SSVF by providing prospective investors with a

13  private placement memorandum ("PPM").  Yoo, through Investment Management (which 100%

14  owned SSVF), had ultimate authority over the fund's PPM, approved the PPM, and was

15  responsible for the PPM's content.

16      18.     SSVF's PPM offered investors the opportunity to purchase fixed interest rate

17  promissory notes in the fund.  According to the PPM, Investment Management was entitled to

18  receive SSVF's "net fund profits" (defined as the profit less principal, interest payments and

19  fund expenses) as compensation for its work in advising SSVF.  The PPM permitted Investment

20  Management to withdraw estimated "net fund profits" from the fund on a monthly basis, but also

21  contained a "true up" provision at fiscal year-end.  The "true up" provision required Investment

22  Management to return to SSVF any distributions in excess of actual net fund profits reported in

23  SSVF's annual audit.

24      19.     SSVF's PPM further noted that SSVF did not charge "administrative,

25  management, or other fees" to investors.  Accordingly, it was important for Investment

26  Management to properly value SSVF's assets, as its compensation was specifically tied to the

27  unrealized gains and losses in those assets each year.

28

COMPLAINT
*SEC v. SUMMIT ASSET STRATEGIES INVESTMENT
MANAGEMENT, LLC. ET AL.*
5
**Securities and Exchange Commission**
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500

20.     During the relevant timeframe, Yoo, through Investment Management, misappropriated assets from SSVF, with no basis in the audited financial statements, and for his personal gain.  In addition, Yoo misled existing and prospective SSVF investors by misrepresenting, among other things, how he was withdrawing fees from the fund and by overstating the value of the fund's investments.

*Yoo and Investment Management Misappropriated SSVF Assets by Withdrawing "Net Fund Profits" With No Basis in the Financial Statements.*

21.     In or about fiscal year 2011 ("FY2011"), Yoo began withdrawing assets from SSVF that exceeded the net fund profits reported in the fund's annual audited financial statements.  During the course of the fiscal year, Yoo wired $401,761 from SSVF to Investment Management as estimated "net fund profits."  However, at fiscal year-end 2011, the audited financial statements reported a net loss and thus required Yoo to return the excess profits to the fund.  Despite the absence of profits available for withdrawal as reflected in the audited financial statements, Yoo did not return that money back to the fund, which was contrary to the PPM.

22.     In FY2012 and FY2013, Yoo ramped up the misappropriation scheme by fraudulently inflating SSVF's asset values in the fund's financial statements.  Specifically, Yoo falsely claimed that SSVF had purchased 500,000 shares of an entity called Prime Pacific Bank in December 2012 when in reality, the fund did not own this security.  Because the Prime Pacific Bank security was purportedly illiquid, Yoo developed a financial model to value this asset.  For FY2012, this model showed that SSVF's interest in Prime Pacific Bank had more than tripled in value from the shares' purchase price of $1.00 per share on December 28, 2012, to $3.81 per share on December 31, 2012 (i.e., fiscal year-end 2012).  For FY2013, Yoo revised the model to reflect that Prime Pacific Bank had slightly decreased from its FY2012 value – but still generated an overall gain from its initial purchase price – to $3.22 per share as of fiscal year-end 2013.  In both FY2012 and FY2013, Yoo relied on these supposed cumulative gains in the purported Prime Pacific Bank investment to justify his wire transfers to Investment Management of approximately $2.58 million as estimated "net fund profits" from SSVF.

COMPLAINT
*SEC v. SUMMIT ASSET STRATEGIES INVESTMENT
MANAGEMENT, LLC. ET AL.*                                                   6                              **Securities and Exchange Commission**
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500

23.    In truth, Yoo knew, at least by December 2012, that SSVF did not own any shares of Prime Pacific Bank.  Instead, Yoo knew that the fund owned 250,000 shares of a different entity, Prime Pacific Financial Services, Inc. ("PPFS"), which was a publicly traded company with a quoted stock price ranging between $0.27 per share to $0.70 per share in 2012 and 2013.  PPFS was Prime Pacific Bank's parent corporation, but held different assets and liabilities, including other subsidiaries and $5 million in debt.  Accordingly, PPFS and Prime Pacific Bank were very different investments.

24.    SSVF's financial statements for FY2012 and FY2013, which were prepared by Yoo and stated that they were presented in accordance with Generally Accepted Accounting Principles ("GAAP"), reported the purported (nonexistent) Prime Pacific Bank investment, but did not include the actual PPFS investment.  Significantly, SSVF's PPFS investment was worth a fraction of the approximately $2 million reported as the value of the purported Prime Pacific Bank investment in the fund's financial statements for FY2012 and FY2013.  SSVF's investments were required to be held at "fair value," which was "the price that would be received to sell an asset or paid to transfer a liability in an orderly transaction between market participants."  ASC 820-10-20.  Under GAAP, the fair value of the fund's PPFS investment should have incorporated the quoted trading price (a range of $0.27 per share to $0.70 per share) multiplied by the correct number of shares (250,000).  This calculation meant that the value of SSVF's actual investment – PPFS – was well under $200,000 in FY2012 and FY2013.

25.    Accordingly, SSVF's financial statements, which included the nonexistent Prime Pacific Bank "investment," materially overstated the fund's actual asset values by more than 12% in FY2012 and 18% in FY2013.  Per the correct fair values of the fund's assets, Yoo was entitled at most to withdraw a "net fund profit" of $1.27 million during the period of FY2011-FY2013.  Moreover, in fiscal years 2014 and 2015, Yoo continued to withdraw additional "net fund profits" from SSVF even though the fund did not report any investment gains and in fact began to default on its obligations to investors.  Although Yoo ultimately returned some of the money he misappropriated from SSVF, he has failed to return $889,301.

COMPLAINT
*SEC v. SUMMIT ASSET STRATEGIES INVESTMENT
MANAGEMENT, LLC. ET AL.*
7
**Securities and Exchange Commission**
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500

*Yoo and Investment Management Made Materially False Statements to Existing and Prospective SSVF Investors Through SSVF's PPM and Financial Statements.*

26.     From 2012 to 2015, Yoo, through Investment Management, misled prospective and existing SSVF investors by, among other things, misrepresenting how he was withdrawing fees from the fund and by overstating the fund's asset values.  For instance, Yoo continuously raised investments from new investors with SSVF's PPM even though he knew, or was reckless in not knowing, that several statements in SSVF's PPM were materially false and/or misleading, including:

a.     That Investment Management determined and withdrew "net fund profits" from SSVF in accordance with the annual audit.  This statement was false and misleading by at least December 2011 in light of Yoo's failure to return excess profits to SSVF and later fraudulent inflation of asset values and ongoing misappropriation without regard for the fund's audited financial statements;

b.     That Yoo and Investment Management charged no other fees beyond "net fund profits."  This statement was false and misleading in light of Yoo's payment of approximately $80,000 in referral fees from the fund to Wealth Management;

c.     That SSVF had financial controls, including an independent financial representative to review all related party transactions.  This statement was false and misleading since SSVF's inception, as no independent financial representative reviewed related party transactions – including the withdrawal of management fees;

d.     That Investment Management was registered with the Commission.  This statement was false and misleading from SSVF's inception, as Investment Management never registered with the Commission; and

e.     That Yoo graduated and earned a degree from Oregon State University.  This statement was false and misleading from SSVF's inception, as Yoo had not graduated from college.

COMPLAINT
*SEC v. SUMMIT ASSET STRATEGIES INVESTMENT MANAGEMENT, LLC. ET AL.*

8

**Securities and Exchange Commission**
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500

27.     At the same time, Yoo and Investment Management misled existing SSVF investors by mailing them materially false and misleading financial statements for FY2012 and FY2013.  Among other things, the financial statements for each fiscal year reported a $2 million asset (the purported Prime Pacific Bank security) and misrepresented that the fund held 500,000 shares of Prime Pacific Bank.  In reality, the fund did not own this asset.

28.     Each of the above misrepresentations and/or omissions was material to SSVF's investors.  Investors cared about whether Yoo was misappropriating assets from the fund, overstating the fund's assets, misrepresenting the fund's financial controls, and lying about his credentials.

**B.     Yoo Recommended that Wealth Management Clients Invest in SSVF But Did Not Disclose the Conflict of Interest Posed by the Referral Fees that Wealth Management Received from SSVF.**

29.     In addition to the misappropriation and material misrepresentations, Yoo engaged in further misconduct related to SSVF.   In particular, Yoo signed a referral agreement on behalf of SSVF in 2011 to pay referral fees to Wealth Management in exchange for referring Wealth Management clients to SSVF.   Pursuant to the agreement, Yoo transferred $81,729.14 to Wealth Management as compensation for referring Wealth Management clients to SSVF.  Yoo recommended the SSVF investment to Wealth Management clients, but did not disclose the referral fee agreement (or the resulting fees paid from SSVF to Wealth Management), to these clients for at least two years.

30.     Additionally, Wealth Management did not disclose the referral fee agreement in its public filings with the Commission.  As an investment adviser registered with the Commission, Wealth Management was required to file a Form ADV with the Commission.  Form ADV requires registered investment advisers to provide various disclosures about themselves, including compensation agreements that create any material conflicts of interest.  Specifically, the instructions to Item 11.B of Form ADV Part 2A require the adviser to describe their practice and the conflict of interest posed if the adviser recommends to clients securities in which the adviser has a material financial interest.  In addition, the instructions to Item 14 of Form ADV Part 2A require that an adviser who receives an economic benefit from a non-client

COMPLAINT
*SEC v. SUMMIT ASSET STRATEGIES INVESTMENT
MANAGEMENT, LLC. ET AL.*                                    9                      **Securities and Exchange Commission**
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500

1   (in exchange for providing investment advice or other advisory services to its clients) must

2   describe the arrangement, explain the conflicts of interest, and describe how it will address the

3   conflicts of interest.  Yoo, who signed Wealth Management's Form ADV in 2012, did not

4   disclose the referral fee agreement or resulting conflict of interest in this document and, to the

5   contrary, falsely stated that Wealth Management had "not entered into any agreements with third

6   parties to give or receive referrals for compensation."

7   **C.    Yoo and Investment Management Misled Investors in the Second Fund,**
        **SSOP I, Regarding the Fund's Concentration of Investments.**

8

9   31.    In addition to the misconduct related to SSVF, Yoo, through Investment

10  Management, misled investors in their second private fund, SSOP I, regarding the fund's

11  portfolio concentration limits.  Yoo, as CEO and CIO of Investment Management, had ultimate

12  authority over SSOP I's PPM, approved the PPM, and was responsible for the PPM's content.

13  The PPM stated that Investment Management "currently intends to limit its initial investments to

14  15% of the Fund's assets at cost in any single position."  In 2011, however, Yoo did not follow

15  the PPM's stated portfolio concentration limits and instead invested 40% of SSOP I's assets in

16  SSVF notes in June, and later, 80% of the fund's assets in additional SSVF notes by the end of

17  the year.  Yoo did not correct the earlier disclosure regarding the fund's stated portfolio

18  concentration limits and did not disclose the fund's portfolio concentration in an affiliated entity

19  (SSVF) to SSOP I investors for several months.

20  **FIRST CLAIM FOR RELIEF**
    **(Violations of Section 10(b) of the Exchange Act and Rule 10b-5**

21  **By Yoo and Investment Management)**
    **(Securities Fraud)**

22

23  32.    The Commission realleges and incorporates by reference paragraphs 1 through

24  31.

25  33.    By engaging in the conduct described above, Yoo and Investment Management,

26  directly or indirectly, in connection with the purchase or sale of securities, by the use of means

27  or instrumentalities of interstate commerce, or the mails, or of a facility of a national security

28  exchange, with scienter, (a) employed devices, schemes, or artifices to defraud; (b) made untrue

COMPLAINT
*SEC v. SUMMIT ASSET STRATEGIES INVESTMENT
MANAGEMENT, LLC. ET AL.*
10
**Securities and Exchange Commission**
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500

1   statements of material facts or omitted to state material facts necessary in order to make the

2   statements made, in light of the circumstances under which they were made, not misleading; and

3   (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud

4   or deceit upon other persons, including purchasers and sellers of securities.

5        34.     By reason of the foregoing, Yoo and Investment Management have violated and,

6   unless restrained and enjoined, will continue to violate Section 10(b) of the Exchange Act [15

7   U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

8                                    **SECOND CLAIM FOR RELIEF**

**(Violations of Section 17(a) of the Securities Act**

9                           **By Yoo and Investment Management)**

**(Securities Fraud)**

10

11        35.     The Commission realleges and incorporates by reference the allegations in

12   paragraphs 1 through 31.

13        36.     By engaging in the conduct described above, Yoo and Investment Management,

14   directly or indirectly, acting intentionally, knowingly, recklessly, in the offer or sale of securities

15   by the use of the means or instruments of transportation or communication in interstate

16   commerce or by the use of the mails:  (a) have employed or are employing devices, schemes or

17   artifices to defraud; (b) have obtained or are obtaining money or property by means of untrue

18   statements of material fact or omissions to state material facts necessary in order to make the

19   statements made, in light of the circumstances under which they were made, not misleading; or

20   (c) have engaged or are engaging in transactions, practices or courses of business which operate

21   as a fraud or deceit upon purchasers of the securities.

22        37.     By reason of the foregoing, Yoo and Investment Management have violated and,

23   unless restrained and enjoined, will continue to violate Section 17(a) of the Securities Act [15

24   U.S.C. §77q(a)].

25   //

26   //

27   //

28   //

COMPLAINT                                         11                             **Securities and Exchange Commission**
*SEC v. SUMMIT ASSET STRATEGIES INVESTMENT*                                 44 Montgomery Street
*MANAGEMENT, LLC. ET AL.*                                       San Francisco, California 94104
                                                        (415) 705-2500

**THIRD CLAIM FOR RELIEF**
**(Violations of Sections 206(1) and 206(2) of the Advisers Act**
**by Investment Management, Wealth Management, and Yoo)**
**(Investment Adviser Fraud)**

38.     The Commission realleges and incorporates by reference paragraphs 1 through 31.

39.     By engaging in the acts and conduct alleged above, Defendants, directly or indirectly, through the use of the means or instruments of transportation or communication in interstate commerce or of the mails, and while engaged in the business of advising others for compensation as to the advisability of investing in, purchasing, or selling securities:  (1) with scienter employed devices, schemes, and artifices to defraud clients or prospective clients; and (2) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon clients or prospective clients.

40.     By reason of the foregoing, Defendants have violated and, unless restrained and enjoined, will continue to violate Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and 80b-6(2)].

**FOURTH CLAIM FOR RELIEF**
**(Violations of Section 206(4) of the Advisers Act and Rule 206(4)-8**
**By Yoo and Investment Management)**
**(Investment Adviser Fraud)**

41.     The Commission realleges and incorporates by reference paragraphs 1 through 31.

42.     SSVF and SSOP I are each pooled investment vehicles, as defined in Rule 206(4)-8 of the Advisers Act, engaged primarily in the business of investing, directly or indirectly in securities.

43.     By engaging in the acts and conduct alleged above, Yoo and Investment Management, while acting as investment advisers to a pooled investment vehicle, have made untrue statements of material fact or omitted to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to an investor or prospective investor in the pooled investment vehicle or otherwise engaged in

COMPLAINT
*SEC v. SUMMIT ASSET STRATEGIES INVESTMENT*
*MANAGEMENT, LLC. ET AL.*
12
**Securities and Exchange Commission**
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500

1   acts, practices, or courses of business that are fraudulent, deceptive or manipulative with respect

2   to an investor or prospective investor in the pooled investment vehicle.

3       44.    By reason of the foregoing, Yoo and Investment Management have violated and,

4   unless restrained and enjoined, will continue to violate Section 206(4) of the Advisers Act [15

5   U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

6   **FIFTH CLAIM FOR RELIEF**
    **(Violations of Section 207 of the Advisers Act**
7   **By Yoo and Wealth Management)**
    **(False ADV)**
8

9       45.    The Commission realleges and incorporates by reference paragraphs 1 through

10  30.

11      46.    Yoo and Wealth Management willfully made untrue statements of material fact in

12  Forms ADV filed with the Commission, or willfully omitted to state in such Forms ADV a

13  material fact which is required to be stated therein.

14      47.    By reason of the foregoing, Yoo and Wealth Management have violated and,

15  unless restrained and enjoined, will continue to violate Section 207 of the Advisers Act [15

16  U.S.C. § 80b-7].

17  **PRAYER FOR RELIEF**

18      WHEREFORE, the Commission respectfully requests that this Court:

19  I.

20      Permanently enjoin Yoo from directly or indirectly violating Section 10(b) of the

21  Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], Section

22  17(a) of the Securities Act [15 U.S.C. § 77q(a)], and Sections 206(1), 206(2), 206(4), and 207 of

23  the Advisers Act [15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-6(4), 80b-7] and Rule 206(4)-8

24  thereunder [17 C.F.R. § 275.206(4)-8]; permanently enjoin Investment Management from

25  directly or indirectly violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule

26  10b-5 thereunder [17 C.F.R. § 240.10b-5], Section 17(a) of the Securities Act [15 U.S.C. §

27  77q(a)], and Sections 206(1), 206(2), and 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(1),

28  80b-6(2), 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8]; and permanently

COMPLAINT
*SEC v. SUMMIT ASSET STRATEGIES INVESTMENT*
*MANAGEMENT, LLC. ET AL.*
13
**Securities and Exchange Commission**
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500

1    enjoin Wealth Management from directly or indirectly violating Sections 206(1), 206(2), and

2    207 of the Advisers Act [15 U.S.C. §§ 80b-6(1), 80b-6(2), and 80b-7];

3                                              II.

4           Order Defendants to disgorge any wrongfully obtained benefits, including prejudgment

5    interest;

6                                              III.

7           Order Yoo and Investment Management to pay civil penalties pursuant to Section

8    21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], Section 20(d)(1) of the Securities Act [15

9    U.S.C. § 77t(d)(1), and Section 209 of the Advisers Act [15 U.S.C. § 80b-9], and order Wealth

10   Management to pay a civil penalty pursuant to Section 209 of the Advisers Act [15 U.S.C. §

11   80b-9];

12                                             IV.

13          Retain jurisdiction of this action in accordance with the principles of equity and the

14   Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and

15   decrees that may be entered, or to entertain any suitable application or motion for additional

16   relief within the jurisdiction of this Court; and

17                                             V.

18          Grant such other and further relief as this Court may determine to be just and necessary.

19                                             Submitted by:

20

21                                             /s/ Jennifer J. Lee
                                               Jennifer J. Lee (conditionally admitted
22                                             pursuant to L.C.R. 83.1(c)(2))
                                               Leejen@sec.gov
23

24                                             Attorney for Plaintiff
                                               SECURITIES AND EXCHANGE
25                                             COMMISSION
                                               44 Montgomery Street, Suite 2800
26                                             San Francisco, CA 94104
                                               Tel.:  415-705-2500
27                                             LeeJen@sec.gov

28