**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SUMMIT ASSET STRATEGIES INVESTMENT MANAGEMENT, LLC, SUMMIT ASSET STRATEGIES WEALTH MANAGEMENT, LLC, and CHRIS YOO,<br><br>Defendants. | Case No.<br><br>**CONSENT OF DEFENDANT SUMMIT ASSET STRATEGIES INVESTMENT MANAGEMENT, LLC TO ENTRY OF FINAL JUDGMENT** |

1.      Defendant Summit Asset Strategies Investment Management, LLC ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)      permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b) and Rule 10b-5 [17 C.F.R. §240.10b-5] thereunder, Sections 206(1), 206(2), and 206(4) of the Investment Advisers

CONSENT OF DEFENDANT SUMMIT ASSET STRATEGIES
INVESTMENT MANAGEMENT, LLC
*SEC V. SUMMIT ASSET STRATEGIES INVESTMENT
MANAGEMENT, LLC, ET AL.*

**Securities and Exchange Commission**
44 Montgomery Street, 26th Floor
San Francisco, California 94104
(415) 705-2500

1  Act of 1940 ("Advisers Act") [15 U.S.C. §80b-6(1), §80b-6(2), and §80b-6(4)] and Rule 206-

2  4(8) [17 C.F.R. §275.206(4)-8] thereunder.

3          (b)    orders Defendant to pay, on a joint and several liability basis with

4  Defendant Chris Yoo, disgorgement in the amount of $889,301, plus prejudgment interest

5  thereon in the amount of $104,632; and

6          (c)    orders Defendant to pay, on a joint and several liability basis with

7  Defendant Chris Yoo, a civil penalty in the amount of $150,000 under Section 21(d)(2)(C) of the

8  Securities Act, Section 21(d)(3)(B)(iii) of the Exchange Act, and Section 209(e) of the Advisers

9  Act.

10          3.    Defendant agrees that it shall not seek or accept, directly or indirectly,

11  reimbursement or indemnification from any source, including but not limited to payment made

12  pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

13  pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

14  are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further

15  agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

16  federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

17  Judgment, regardless of whether such penalty amounts or any part thereof are added to a

18  distribution fund or otherwise used for the benefit of investors.

19          4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to

20  Rule 52 of the Federal Rules of Civil Procedure.

21          5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of

22  the Final Judgment.

23          6.    Defendant enters into this Consent voluntarily and represents that no threats,

24  offers, promises, or inducements of any kind have been made by the Commission or any

25  member, officer, employee, agent, or representative of the Commission to induce Defendant to

26  enter into this Consent.

27          7.    Defendant agrees that this Consent shall be incorporated into the Final Judgment

28

1    with the same force and effect as if fully set forth therein.

2          8.    Defendant will not oppose the enforcement of the Final Judgment on the ground,

3    if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and

4    hereby waives any objection based thereon.

5          9.    Defendant waives service of the Final Judgment and agrees that entry of the Final

6    Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant

7    of its terms and conditions.  Defendant further agrees to provide counsel for the Commission,

8    within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit

9    or declaration stating that Defendant has received and read a copy of the Final Judgment.

10         10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted

11   against Defendant in this civil proceeding.  Defendant acknowledges that no promise or

12   representation has been made by the Commission or any member, officer, employee, agent, or

13   representative of the Commission with regard to any criminal liability that may have arisen or

14   may arise from the facts underlying this action or immunity from any such criminal liability.

15   Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

16   including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges

17   that the Court's entry of a permanent injunction may have collateral consequences under federal

18   or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

19   other regulatory organizations.  Such collateral consequences include, but are not limited to, a

20   statutory disqualification with respect to membership or participation in, or association with a

21   member of, a self-regulatory organization.  This statutory disqualification has consequences that

22   are separate from any sanction imposed in an administrative proceeding.  In addition, in any

23   disciplinary proceeding before the Commission based on the entry of the injunction in this

24   action, Defendant understands that it shall not be permitted to contest the factual allegations of

25   the complaint in this action.

26         11.    Defendant understands and agrees to comply with the terms of 17 C.F.R.

27   § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

28

CONSENT OF DEFENDANT SUMMIT ASSET STRATEGIES          2          **Securities and Exchange Commission**
INVESTMENT MANAGEMENT, LLC                                      44 Montgomery Street
*SEC V. SUMMIT ASSET STRATEGIES INVESTMENT*                     San Francisco, California 94104
*MANAGEMENT, LLC. ET AL.*                                       (415) 705-2500

1  or respondent to consent to a judgment or order that imposes a sanction while denying the

2  allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is

3  equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

4  the allegations."  As part of Defendant's agreement to comply with the terms of Section

5  202.5(e),  Defendant: (i) will not take any action or make or permit to be made any public

6  statement denying, directly or indirectly, any allegation in the complaint or creating the

7  impression that the complaint is without factual basis; (ii) will not make or permit to be made

8  any public statement to the effect that Defendant does not admit the allegations of the complaint,

9  or that this Consent contains no admission of the allegations, without also stating that Defendant

10  does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby

11  withdraws any papers filed in this action to the extent that they deny any allegation in the

12  complaint.  If Defendant breaches this agreement, the Commission may petition the Court to

13  vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph

14  affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in

15  litigation or other legal proceedings in which the Commission is not a party.

16        12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the

17  Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

18  seek from the United States, or any agency, or any official of the United States acting in his or

19  her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

20  expenses, or costs expended by Defendant to defend against this action.  For these purposes,

21  Defendant agrees that Defendant is not the prevailing party in this action since the parties have

22  reached a good faith settlement.

23        13.    Defendant agrees that the Commission may present the Final Judgment to the

24  Court for signature and entry without further notice.

25        14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

26  purpose of enforcing the terms of the Final Judgment.

27

28

CONSENT OF DEFENDANT SUMMIT ASSET STRATEGIES                3
INVESTMENT MANAGEMENT, LLC
*SEC V. SUMMIT ASSET STRATEGIES INVESTMENT*
*MANAGEMENT, LLC, ET AL.*

**Securities and Exchange Commission**
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500

SUMMIT ASSET STRATEGIES INVESTMENT
MANAGEMENT, LLC

DATED _6-19-2015_                By: _____
                                 CHRIS YOO, CEO of Summit Asset Strategies Investment
                                 Management, LLC

On _6/19_____, 2015, _Chris Yoo_____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent with full
authority to do so on behalf of _Summit_ as its _CEO_____.

_____
Notary Public          Dawn L. Fisher
Commission expires: _3/6/18_

On _____, 2015, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Roger D. Mellem, WSBA No. 14917
Ryan Swanson & Cleveland, PLLC
COUNSEL FOR DEFENDANT SUMMIT ASSET STRATEGIES INVESTMENT
MANAGEMENT, LLC

1201 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 654-2234
Mellem@ryanlaw.com