UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SUMMIT ASSET STRATEGIES INVESTMENT MANAGEMENT, LLC, SUMMIT ASSET STRATEGIES WEALTH MANAGEMENT, LLC, and CHRIS YOO,<br><br>Defendants. | Case No.<br><br>CONSENT OF DEFENDANT SUMMIT ASSET STRATEGIES WEALTH MANAGEMENT, LLC TO ENTRY OF FINAL JUDGMENT |

1. Defendant Summit Asset Strategies Wealth Management, LLC ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

   (a) permanently restrains and enjoins Defendant from violation of Sections 206(1), 206(2), and 207 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §80b-6(1), §80b-6(2), and §80b-7].

   (b) orders Defendant to pay disgorgement in the amount of $81,729.14, plus prejudgment interest thereon in the amount of $6,611.75; and

CONSENT OF DEFENDANT SUMMIT ASSET STRATEGIES
WEALTH MANAGEMENT, LLC
SEC V. SUMMIT ASSET STRATEGIES INVESTMENT
MANAGEMENT, LLC. ET AL.

Securities and Exchange Commission
44 Montgomery Street, 26th Floor
San Francisco, California 94104
(415) 705-2500

  (c) orders Defendant to pay a civil penalty in the amount of $100,000 under Section 209(e) of the Advisers Act.

  3. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

  4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

  5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

  6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

  7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

  8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

  9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission,

CONSENT OF DEFENDANT SUMMIT ASSET
STRATEGIES WEALTH MANAGEMENT, LLC
SEC V. SUMMIT ASSET STRATEGIES INVESTMENT
MANAGEMENT, LLC. ET AL.

1

Securities and Exchange Commission
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500

1  within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit
2  or declaration stating that Defendant has received and read a copy of the Final Judgment.
3      10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted
4  against Defendant in this civil proceeding. Defendant acknowledges that no promise or
5  representation has been made by the Commission or any member, officer, employee, agent, or
6  representative of the Commission with regard to any criminal liability that may have arisen or
7  may arise from the facts underlying this action or immunity from any such criminal liability.
8  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,
9  including the imposition of any remedy or civil penalty herein. Defendant further acknowledges
10 that the Court's entry of a permanent injunction may have collateral consequences under federal
11 or state law and the rules and regulations of self-regulatory organizations, licensing boards, and
12 other regulatory organizations. Such collateral consequences include, but are not limited to, a
13 statutory disqualification with respect to membership or participation in, or association with a
14 member of, a self-regulatory organization. This statutory disqualification has consequences that
15 are separate from any sanction imposed in an administrative proceeding. In addition, in any
16 disciplinary proceeding before the Commission based on the entry of the injunction in this
17 action, Defendant understands that it shall not be permitted to contest the factual allegations of
18 the complaint in this action.
19      11.     Defendant understands and agrees to comply with the terms of 17 C.F.R.
20 § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant
21 or respondent to consent to a judgment or order that imposes a sanction while denying the
22 allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is
23 equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies
24 the allegations." As part of Defendant's agreement to comply with the terms of Section
25 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public
26 statement denying, directly or indirectly, any allegation in the complaint or creating the
27 impression that the complaint is without factual basis; (ii) will not make or permit to be made
28

CONSENT OF DEFENDANT SUMMIT ASSET
STRATEGIES WEALTH MANAGEMENT, LLC
SEC V. SUMMIT ASSET STRATEGIES INVESTMENT
MANAGEMENT, LLC. ET AL.

2

Securities and Exchange Commission
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500

any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

SUMMIT ASSET STRATEGIES WEALTH MANAGEMENT, LLC

DATED 6-19-2015       By: _____
                      CHRIS YOO, Principal and CCO of Summit Asset
                      Strategies Wealth Management, LLC

CONSENT OF DEFENDANT SUMMIT ASSET
STRATEGIES WEALTH MANAGEMENT, LLC
SEC V. SUMMIT ASSET STRATEGIES INVESTMENT
MANAGEMENT, LLC. ET AL.

3

Securities and Exchange Commission
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500

On 6/19, 2015, Chris Yoo, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Summit as its CEO.

_Dawn L. Fisher_
Notary Public
Commission expires: 3/6/18

[Notary Seal: DAWN L. FISHER, COMMISSION EXPIRES MARCH 6, 2018, NOTARY PUBLIC, STATE OF WASHINGTON]

Approved as to form:

_/s/ Roger D. Mellem_
Roger D. Mellem, WSBA No. 14917
Ryan Swanson & Cleveland, PLLC
COUNSEL FOR DEFENDANT SUMMIT ASSET STRATEGIES WEALTH MANAGEMENT, LLC

1201 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone: (206) 654-2234
Mellem@ryanlaw.com

CONSENT OF DEFENDANT SUMMIT ASSET STRATEGIES WEALTH MANAGEMENT, LLC
SEC V. SUMMIT ASSET STRATEGIES INVESTMENT MANAGEMENT, LLC. ET AL.

4

Securities and Exchange Commission
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500