**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SUMMIT ASSET STRATEGIES INVESTMENT MANAGEMENT, LLC, SUMMIT ASSET STRATEGIES WEALTH MANAGEMENT, LLC, and CHRIS YOO,<br><br>Defendants. | Case No.<br><br>**CONSENT OF DEFENDANT CHRIS YOO TO ENTRY OF FINAL JUDGMENT** |

1.      Defendant Chris Yoo ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)      permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b) and Rule 10b-5 [17 C.F.R. §240.10b-5] thereunder, Sections 206(1), 206(2), 206(4), and 207 of the Investment

CONSENT OF DEFENDANT CHRIS YOO
*SEC V. SUMMIT ASSET STRATEGIES INVESTMENT*
*MANAGEMENT, LLC. ET AL.*

**Securities and Exchange Commission**
44 Montgomery Street, 26th Floor
San Francisco, California 94104
(415) 705-2500

1  Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §80b-6(1), §80b-6(2), §80b-6(4), and §80b-7]

2  and Rule 206-4(8) [17 C.F.R. §275.206(4)-8] thereunder.

3              (b)     orders Defendant to pay, on a joint and several liability basis with

4  Defendant Summit Asset Strategies Investment Management, LLC ("Investment Management"),

5  disgorgement in the amount of $889,301, plus prejudgment interest thereon in the amount of

6  $104,632; and

7              (c)     orders Defendant to pay, on a joint and several liability basis with

8  Defendant Investment Management, a civil penalty in the amount of $150,000 under Section

9  21(d)(2)(C) of the Securities Act, Section 21(d)(3)(B)(iii) of the Exchange Act, and Section

10  209(e) of the Advisers Act.

11         3.      Defendant agrees that he shall not seek or accept, directly or indirectly,

12  reimbursement or indemnification from any source, including but not limited to payment made

13  pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

14  pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

15  are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further

16  agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

17  federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

18  Judgment, regardless of whether such penalty amounts or any part thereof are added to a

19  distribution fund or otherwise used for the benefit of investors.

20         4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to

21  Rule 52 of the Federal Rules of Civil Procedure.

22         5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of

23  the Final Judgment.

24         6.      Defendant enters into this Consent voluntarily and represents that no threats,

25  offers, promises, or inducements of any kind have been made by the Commission or any

26  member, officer, employee, agent, or representative of the Commission to induce Defendant to

27  enter into this Consent.

28

1    7.    Defendant agrees that this Consent shall be incorporated into the Final Judgment

2  with the same force and effect as if fully set forth therein.

3    8.    Defendant will not oppose the enforcement of the Final Judgment on the ground,

4  if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and

5  hereby waives any objection based thereon.

6    9.    Defendant waives service of the Final Judgment and agrees that entry of the Final

7  Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant

8  of its terms and conditions.  Defendant further agrees to provide counsel for the Commission,

9  within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit

10  or declaration stating that Defendant has received and read a copy of the Final Judgment.

11    10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted

12  against Defendant in this civil proceeding.  Defendant acknowledges that no promise or

13  representation has been made by the Commission or any member, officer, employee, agent, or

14  representative of the Commission with regard to any criminal liability that may have arisen or

15  may arise from the facts underlying this action or immunity from any such criminal liability.

16  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

17  including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges

18  that the Court's entry of a permanent injunction may have collateral consequences under federal

19  or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

20  other regulatory organizations.  Such collateral consequences include, but are not limited to, a

21  statutory disqualification with respect to membership or participation in, or association with a

22  member of, a self-regulatory organization.  This statutory disqualification has consequences that

23  are separate from any sanction imposed in an administrative proceeding.  In addition, in any

24  disciplinary proceeding before the Commission based on the entry of the injunction in this

25  action, Defendant understands that he shall not be permitted to contest the factual allegations of

26  the complaint in this action.

27    11.    Defendant understands and agrees to comply with the terms of 17 C.F.R.

28

CONSENT OF DEFENDANT CHRIS YOO
*SEC V. SUMMIT ASSET STRATEGIES INVESTMENT*
*MANAGEMENT, LLC. ET AL.*

2

**Securities and Exchange Commission**
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500

1  § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

2  or respondent to consent to a judgment or order that imposes a sanction while denying the

3  allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is

4  equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

5  the allegations." As part of Defendant's agreement to comply with the terms of Section

6  202.5(e), Defendant: (i) will not take any action or make or permit to be made any public

7  statement denying, directly or indirectly, any allegation in the complaint or creating the

8  impression that the complaint is without factual basis; (ii) will not make or permit to be made

9  any public statement to the effect that Defendant does not admit the allegations of the complaint,

10  or that this Consent contains no admission of the allegations, without also stating that Defendant

11  does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws

12  any papers filed in this action to the extent that they deny any allegation in the complaint; and

13  (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the

14  Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that

15  any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by

16  Defendant under the Final Judgment or any other judgment, order, consent order, decree or

17  settlement agreement entered in connection with this proceeding, is a debt for the violation by

18  Defendant of the federal securities laws or any regulation or order issued under such laws, as set

19  forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant

20  breaches this agreement, the Commission may petition the Court to vacate the Final Judgment

21  and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i)

22  testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal

23  proceedings in which the Commission is not a party.

24      12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the

25  Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

26  seek from the United States, or any agency, or any official of the United States acting in his or

27  her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

28

1  expenses, or costs expended by Defendant to defend against this action.  For these purposes,

2  Defendant agrees that Defendant is not the prevailing party in this action since the parties have

3  reached a good faith settlement.

4       13.    Defendant agrees that the Commission may present the Final Judgment to the

5  Court for signature and entry without further notice.

6       14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

7  purpose of enforcing the terms of the Final Judgment.

8

9  Dated: _6 - 19 - 2015_                                

10                                        DEFENDANT CHRIS YOO

11

12

13 On _6 | 19_ , 2015, _Chris Yoo_ , a person known to me,

14 personally appeared before me and acknowledged executing the foregoing Consent.

15

16

17 Notary Public        Dawn L. Fisher

18 Commission expires: _3 | 6 | 18_

19

20

21 Approved as to form:

22

23 Roger D. Mellem, WSBA No. 14917
   Ryan Swanson & Cleveland, PLLC

24 COUNSEL FOR DEFENDANT CHRIS YOO

25 1201 Third Avenue, Suite 3400
   Seattle, WA 98101

26 Telephone:  (206) 654-2234
   Mellem@ryanlaw.com

27

28

CONSENT OF DEFENDANT CHRIS YOO           4
*SEC V. SUMMIT ASSET STRATEGIES INVESTMENT*
*MANAGEMENT, LLC. ET AL.*

**Securities and Exchange Commission**
44 Montgomery Street
San Francisco, California 94104
(415) 705-2500